Michael K. **COOK**, Robert B. James, Dr. Beverly McMillan and Eva T. Edl

v.

Janet **RENO,** Attorney General of the United States of America, and John Doe, Acting United States Attorney for the Western District of Louisiana, in their official capacities.

Civ. A. No. 94–0980.

United States District Court, W.D. Louisiana, Alexandria Division.

Aug. 5, 1994.

A. Dale Smith, A. Dale Smith & Assoc., Ball, LA, Stephen M. Crampton, Bruce Green, American Family Assoc. Law Ctr., Tupelo, MS, for Michael K. Cook, Robert B. James, Beverly McMillan, Eva Edl.

John A. Broadwell, U.S. Attorney's Office, Shreveport, LA, for Janet Reno, John Doe, Michael D. Skinner.

Allison Anne Jones, Davidson Nix Arceneaux Jones & Askew, Shreveport, LA, Simon Heller, Center for Reproductive Law & Policy, New York City, for National Abortion Federation, Hope Medical Group of Shreveport, Feminist Womens Health Centers, Womancare Inc., Com. Womens Center, Capitol Womens Center, Susan Wicklund, Dr., George Tiller, Dr., Nat. Organization for Women.

## RULING

LITTLE, District Judge.

Plaintiffs are anti-abortion demonstrators who seek to enjoin the use and implementation of the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248 ("FACE" or the "Act"). For the reasons that follow, plaintiffs' motion for declaratory and injunctive relief is DENIED. We find the statute in question to be constitutional, and we therefore refuse to cripple the utilization of legitimate and useful legislation.

### I.

Known by its acronym "FACE," the Freedom of Access to Clinic Entrances Act was passed by Congress and signed by the President in late May of this year. The stated purpose of FACE is the protection and promotion of public safety and health activities through the imposition of criminal and civil penalties. Those targeted by the Act are those who:

(1) by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

18 U.S.C. § 248(a). It is plaintiffs' contention that the statute violates their constitutionally protected rights to freedom of speech, religion and assembly; the right to due process of law; the right to freedom from excessive punishment; the right to equal protection of the law; and the right to

interstate travel—rights guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiffs seek no monetary compensation, only declaratory and injunctive relief against FACE's enforcement.

■ Before the extreme remedy of an injunction will be granted, plaintiffs must demonstrate the following: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987).

## II.

Plaintiffs ascribe to an anti-abortion philosophy. They hawk their point of view by demonstrating in the vicinity of clinics that offer abortions to those desiring the procedure. Plaintiffs attempt to dissuade entry into the clinics by disseminating literature and conducting sidewalk counselling. Although plaintiffs allege that their activities are, and always have been peaceful, their pleadings and admissions by counsel during oral argument reveal that their tactics include the obstruction of entry into clinics by physically blocking portals of ingress and egress.

■ With this in mind, we turn to plaintiffs' arguments. First, they contend that FACE restricts their freedom of speech because it criminalizes behavior that merely presents one point of view on an issue of social importance. We disagree. The statute does not criminalize speech at all; rather, it regulates and proscribes conduct that uses force, the threat of force, or physical obstruction to achieve its objective. Violence is the target of this statute, not speech, and as such is a constitutionally permitted intrusion. *See Wisconsin v. Mitchell*, —— U.S. ——, 113

S.Ct. 2194, 124 L.Ed.2d 436 (1993); *see also R.A.V. v. St. Paul*, —— U.S. ——, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) (fighting words excluded from First Amendment protection not on basis of content but because their content embodies an especially intolerable mode of expression). Plaintiffs may therefore carry signs, pass out literature, and attempt oral persuasion, but they may not do so in a manner that involves violence, threats, physical obstruction, intentional injury, and property destruction.[1] At the risk of being redundant, we state once again that the statute directs its attention to violent, obstructive, and threatening activity, but it in no way implicates the rights of speech and assembly.

■ Next, we address plaintiffs' contention that the statute is a content-based restriction applicable only to anti-abortion activists. Contrary to plaintiffs' allegations, however, we discern no evidence of such an effect. Rather, we find the statute to be completely neutral in all respects. Those seeking reproductive health services to promote fertilization are protected by FACE with the same vigor as those seeking reproductive health services to terminate fertilization or obviate future fertilization capabilities. Additionally, the law is applicable to men and women alike. The statute is therefore not aimed at one side of the abortion controversy, but applies to anyone searching for or providing reproductive health services, regardless of social philosophy or ideology. *See Madsen v. Women's Health Center*, —— U.S. ——, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994).

■ Plaintiffs' next argument is that the statute was passed to eliminate, or at least chill, anti-abortion demonstrations. Plaintiffs maintain that the stated purpose of the Act is pretextual—the real purpose being the purposeful proscription of expressive behavior communicating a particular message. Furthermore, they assert that the amount of

---

1. None of the cases cited by plaintiffs in the freedom of speech segment of their brief discusses statutes criminalizing force or the threat of force. *See, e.g., Texas v. Johnson*, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989); *City of Houston, Tex. v. Hill*, 482 U.S. 451, 107 S.Ct.

2502, 96 L.Ed.2d 398 (1987); *Brown v. Louisiana*, 383 U.S. 131, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966); *New York Times Co. v. Sullivan*, 376 U.S. 254, 270, 84 S.Ct. 710, 720–21, 11 L.Ed.2d 686 (1964). We therefore find their citations inapposite to the facts and issues raised in this case.

loss caused to persons or property by anti-abortion activity is insufficient to justify federal intervention. We refuse to joust with plaintiffs as to the degree of exigency needed to justify protective legislation. Congress has seen fit, in the valid exercise of its Commerce Clause powers among others, to protect from harm or the threat of harm, persons and property used in obtaining or providing reproductive health services. We are presented with no evidence whatsoever indicating that the facts precipitating FACE were in error or confected. While plaintiffs would have this court believe that Congress "used" the Commerce Clause to craft legislation for the primary purpose of paralyzing the protests of anti-abortionists, we find that the clear language of the statute supports no such conclusion.

We will not dwell on plaintiffs' other arguments. After a study of those allegations, we reach the conclusion that they involve tortured and laborious analyses of the statute. One thing is certain, however: the statute is complete and regular on its face and leads to no absurd consequences.[2] As a result, we hold that plaintiffs have not demonstrated a substantial likelihood of success on the merits. Having failed to leap that barrier, injunctive relief is denied. By so saying, we do not imply that the remaining elements for injunctive relief have been attained. Quite to the contrary, but we need not write about all of the inadequacies when absence of merit as to one is sufficient to deny alleviation.

We cannot fail to chronicle the fact that during the time between oral argument and the writing of this ruling, another disaster occurred at a reproductive health services establishment. The villainous attack left in its wake death, injury, and property damage. While we will not speculate whether others similarly inclined to do violence will be deterred by the enforcement of the law we parse today, we are certain that the Freedom of Access to Clinic Entrances Act is a valid exercise of legislative power designed to curb violence without stifling freedom of speech.

For the foregoing reasons, plaintiffs' motion for declaratory and injunctive relief is DENIED.

---

**2.** Three other federal courts entertained cases involving the statute, and in each instance the statute was found to be constitutional. *See American Life League v. United States,* 855 F.Supp. 137 (E.D.Va.1994); *Council For Life Coalition v. Janet Reno,* Case No. 94–0843–IEG (CM), 856 F.Supp. 1422 (S.D.Cal.1994); *Cheffer v. Reno,* Case No. 94–0611–CIV–ORL–18 (July 26, 1994).